UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

UNITED STATES OF AMERICA
upon the relation and for the use of the
TENNESSEE VALLEY AUTHORITY,
Plaintiff,

v.  No. _____

A TEMPORARY RIGHT TO ENTER
UPON LAND IN CULLMAN
COUNTY, ALABAMA, and
FAITH M. HAMMOCK FAMILY
   TRUST a/k/a FAITH M. HAMOCK
   FAMILY TRUST,
NANCY DAWN HAMMOCK-KEITH
   co-trustee and beneficiary,
JEFFREY BARTON HAMMOCK
   co-trustee and beneficiary,
JAMES BRIAN HAMMOCK
   co-trustee and beneficiary,
Defendants.

## DECLARATION OF TAKING

The Tennessee Valley Authority, the authority empowered by law to acquire in the name of the United States of America the temporary right described in the Complaint of similar title filed in this Court, hereby files this Declaration of Taking pursuant to 40 U.S.C. §§ 3114−3118 and declares that said property is hereby taken for the use of the United States of America acting by and through its agent, the Tennessee Valley Authority, and further declares that:

1. The property taken in this action is the temporary right to enter upon land identified below and designated in the records of the Tennessee Valley Authority as tract number HBTM-1004-TE for the purpose of conducting surveys, core drilling, title investigations, environmental studies, appraisals, and related activities, the Plaintiff to remain liable for damage to annual crops and other actual property damage resulting directly from the operations of Plaintiff's forces in the conduct of said activities upon said property. The land affected by the temporary right herein condemned is located in Cullman County, Alabama, identified as tax map and parcel number 26-05-22-0-000-017.000, in the office of the Tax Assessor of said county and state, and described in deeds recorded in Deed Book 459, page 648, and Deed Book 599, page 55, in the office of the Judge of Probate of Cullman County, Alabama, which descriptions are incorporated herein by reference and made a part hereof.

2. Ten Dollars ($10) is the amount estimated by the Tennessee Valley Authority to be compensation for the temporary right taken. This amount will be tendered into Court for the use of the persons entitled thereto.

3. Attached hereto is an aerial photograph that shows the land affected by the taking of the temporary right. A more detailed and specific map is not available since the Defendants have not permitted the Tennessee Valley Authority, its officers, agents, and employees to enter upon the land for the purpose of making a survey and related activities.

4. The authority under which the temporary right is taken is the Tennessee Valley Authority Act of 1933, *as amended*, 16 U.S.C. §§ 831 et seq. The public use for which the temporary right is taken is for the acquisition of easements and rights-of-way for the erection, operation, and maintenance of electric power transmission circuits and communication circuits.

5. The Tennessee Valley Authority is of the opinion that the ultimate award probably will be within any limits prescribed by Congress on the price to be paid.

    TENNESSEE VALLEY AUTHORITY

    Respectfully submitted,

    *s/John E. Pevy*
    John E. Pevy (TN BAR 034390)
    Colin M. Wyvill (TN BAR 041413)
    OFFICE OF THE GENERAL COUNSEL
    Tennessee Valley Authority
    400 West Summit Hill Drive
    Knoxville, Tennessee 37902-1401
    Telephone 865.632.7343
    jepevy@tva.gov

    Attorneys for Plaintiff

132853440